**Thomas E. GILMORE and Percy McShan, Appellants,**

v.

**The GREENE COUNTY DEMOCRATIC PARTY EXECUTIVE COMMITTEE et al., Appellees.**

No. 24188.

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1966.

Fred Wallace, New York City, for appellants.

Perry Hubbard, Tuscaloosa, Ala., for appellees.

ON MOTION TO RECALL MANDATE

Before TUTTLE, Chief Judge, and THORNBERRY and GOLDBERG, Circuit Judges.

TUTTLE, Chief Judge.

This motion to recall the mandate of this court issued on November 3, 1966, and for further relief by way of injunction is denied.

This court, upon application of appellants, expedited a hearing on an appeal from the denial of a temporary injunction by the District Court for the Northern District of Alabama, as to an issue affecting the conduct of the election for certain county officers of Greene County, Alabama, at the November General Election. That appeal was from the denial of a temporary injunction by the trial court in a matter which was ancillary to the main suit which, so far as we are advised, is still pending in the Northern District of Alabama.

The particular issue presented to this court on that appeal was the question whether appellants Gilmore and McShan were entitled to the status of candidates in the general election for the offices

sought by them as having been nominated by a convention under the laws of the state of Alabama. The trial court concluded that they were not entitled to the state-required certificate of nomination because the meeting which put their names in nomination did not meet the Alabama statutory requirements of a party convention. In the absence of any Alabama law on the subject, it was necessary for us to construe the Alabama requirements to the best of our ability, and, doing so, we concluded that the trial court erred in denying the certificate of nomination. However, we must bear in mind the fact that this decision was a decision on a point of state law, which the Federal Court had before it only by reason of having pendant jurisdiction ancillary to the main suit. The question presented, not being one of constitutional proportions, is a question that must ultimately be decided by a determination of the applicable Alabama law.

We reversed the judgment of the trial court denying the temporary injunction, and stated that the remand was "in order that the district court may consider the posture of the case in light of our ruling as to the certificate of nomination, and to enable the plaintiffs, if they see fit to do so, to make a determination as to which relief they now wish to seek before the court." [1]

It does not appear from the present motion that appellants have made a binding election as to which posture they wish to assume. They complain here of the refusal of the district court to grant an injunction or other equitable relief to interfere with litigation, commenced after our decision, in the state court of Alabama, in which a plaintiff, not a party to the litigation, sought and obtained an injunction forbidding the State Probate Judge of Greene County to place the names of the appellants on the ballot for the county election whenever it is held. Appellants are apprehensive lest that state court judgment, even though now appealed by the State Probate Judge to the Alabama Supreme Court, will, either through lack of adequate representation of their point of view, or otherwise, be decided by the Alabama court without full consideration of the position taken by the appellants. We are advised that appellants are parties to that pending state court suit and are thus entitled to be heard in the Alabama Supreme Court.

In any event, a decision by the Alabama Supreme Court as to the meaning of the Alabama statutes dealing with the subject matter of this current appeal will be binding on this court absent any federal constitutional question.

It would thus be inappropriate for this court to intervene in the pending appeal in that case. If appellants should, at a later time in the pending action in the Northern District of Alabama, consider that the appeal in the Alabama Supreme Court did not truly represent an adversary proceeding or was infected with any other defect of which the court could take cognizance, the matter is still open for whatever disposition the district court can appropriately make of the matter.

The motion will be denied and the matter remanded to the District Court for further proceedings consistent with our earlier opinion and what has been said in this opinion.

Motion denied.

This order shall be issued forthwith.

---

1. As we pointed out in that earlier opinion, the appellants were representing in the main action still pending in the district court, that they were the legal nominees of the Democratic Party of Greene County, whereas in the appeal then pending before us they claimed the right to proceed as the nominees of the Freedom Party.